**STATE of Missouri, Respondent,**

v.

**Wesley HARDEN, Appellant.**

**No. 56059.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 1991.

Bradley S. Dede, Clayton, for appellant.

William L. Webster, Atty. Gen., Andrea Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Wesley Harden, appeals from his jury convictions of voluntary manslaughter and armed criminal action for which the jury recommended that he be sentenced to fifteen years' and five years' imprisonment, respectively. The court accepted the jury's recommendation and imposed the sentences which were to run concurrently. We reverse.

Sometime just before sundown on July 16, 1987, appellant drove up to a liquor store in the Robertson area of St. Louis County. After purchasing a beer from the store, appellant was summoned by two of his former acquaintances to join them outside of the store. Appellant, Todd Bishop and Stanley Babbitt began talking. Shortly thereafter, Todd Bishop left and walked up the street to talk with two of his friends. Babbitt began to get abusive with appellant. Evidence at trial established that Babbitt was intoxicated.

The abuse continued and Babbitt, at some point, threatened to cut appellant's throat with a knife he had earlier brandished when "joking" with Todd Bishop. Appellant, who stated that he was afraid that Babbitt would carry through with his threat, walked to his car and retrieved from his trunk a sack which contained a semi-automatic pistol. About this time, Michael Askew arrived and pulled his car behind appellant's auto.

Babbitt, still carrying on his verbal assault upon appellant, briefly stopped near Askew's car window. Appellant opened the front passenger door of Askew's car and sat beside Askew, without closing the door. Babbitt then walked behind Michael's car and approached appellant, knife in hand. Although it appears that Babbitt never attempted to stab appellant, appellant sprung from the car and fired four shots from his pistol. Appellant testified that he did so as a result of panic and fear and that he aimed at Babbitt's chest.

As appellant started shooting, Babbitt began to run but was hit once in the chest cavity, once through his right eye and suffered a grazing blow to the back of his right elbow. Babbitt collapsed in the doorway of a friend's trailer and died as a result of his chest wound.

Askew drove away as soon as appellant commenced shooting. Appellant then fled in his own car. Todd Bishop and his two friends, who were just up the street during this time, witnessed the shooting and testified for the State at trial. Appellant was apprehended in his apartment early the next morning and eventually admitted that he shot Babbitt. Appellant was charged by information with murder in the second degree and armed criminal action. The jury trial of the matter began on October 24, 1988, and the case was submitted on October 28, 1988. The verdict was returned on October 28, and the court imposed sentence on January 6, 1989.

On December 26, 1990, this court handed down its opinion affirming appellant's conviction and sentence. Appellant filed a motion for transfer to the Missouri Supreme Court and, on October 16, 1991, the Missouri Supreme Court sustained appellant's motion and ordered the case retransferred to this court for "reexamination in light of *State v. Waller*, No. 73488 [816 S.W.2d

212] (Banc Sept. 10, 1991)." We now address appellant's claims.

Appellant argues that the court erred in refusing to admit evidence that the victim had cut the throat of another man in 1987, and that appellant's knowledge of this incident justified his actions as self-defense in fear of imminent danger. Further, appellant asserts that the evidence also corroborates the testimony that Babbitt was a violent and turbulent person.

The trial court submitted the appellant's proffered self-defense instruction. Appellant sought to introduce evidence that Babbitt had cut someone else's throat on March 12, 1987. It is not clear from the record whether the incident led to Babbitt's arrest and conviction. The respondent sought, through a motion in limine, to prevent appellant from eliciting testimony regarding any prior bad acts of the victim, Babbitt. The trial court reserved its ruling on this matter until the trial. However, the court sustained the State's objection to the evidence at trial.

■ Appellant failed to raise this issue in his motion for a new trial. We, therefore, can only review the propriety of the court's action for plain error. Rule 29.-12(b). Under plain error, the error alleged must "impact so substantially upon the rights of [a] defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo. banc) *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

It has long been the rule in Missouri that where self-defense is an issue, competent evidence may be produced that shows that the deceased (or victim) possessed a reputation as a violent and turbulent person. *State v. Maggitt,* 517 S.W.2d 105, 107 (Mo. banc 1974). However, in the past, such evidence could not consist of specific acts of violence having no connection with defendant. *Id.* Only the victim's *general* reputation for violence and turbulence was admissible. *Id.*

■ In *State v. Waller,* 816 S.W.2d 212 (Mo. banc 1991), the Missouri Supreme Court abandoned the rule against introducing specific acts of violence, where the defendant had knowledge of the acts and "the acts sought to be established are reasonably related to the crime with which the defendant is charged." *Waller,* 816 S.W.2d at 216. The question of whether or not such evidence should be admitted is within the discretion of the trial court. *Id.*

■ Clearly, *Waller* applies to the facts in the present case. Appellant alleged at trial that the victim threatened to cut his throat. Appellant had knowledge that, a mere four months earlier, the victim had cut another man's throat. It certainly cannot be said that these acts are "too remote in time or of a quality substantially different from the act that the defendant accuses the victim of committing." *Waller,* 816 S.W.2d at 216. The case must, therefore, be remanded for a new trial.

■ Upon retrial, the trial court must caution the jury that evidence of the victim's prior acts is to be considered solely with regard to the reasonableness of appellant's apprehension that the victim was about to inflict bodily harm upon appellant, and not for the purpose of establishing that the victim probably acted in conformity with his prior actions. *Id.* The trial court should also caution the jury that the character of the victim and the victim's past violent acts are not otherwise relevant to the case. *Id.*

As the other issues presented for appeal may not occur upon retrial, we decline to discuss them at this time.

Reversed and remanded.

CRIST and SIMON, JJ., concur.